J. M. P. R. Trading Corp., Alltransport, Inc. *v.* United States
(No. 4840) [1]

United States Court of Customs and Patent Appeals, November 4, 1955

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for appellants.
*Warren E. Burger*, Assistant Attorney General, *Richard E. FitzGibbon*, chief, Customs Section (*Richard H. Welsh*, and *Richard M. Kozinn*, trial attorneys of counsel), for the United States.

[Oral argument October 5, 1955, by Mr. Blauvelt and Mr. Welsh]

Before O'Connell, Acting Chief Judge, and Johnson, Worley, and Cole, Associate Judges

O'Connell, Acting Chief Judge, delivered the opinion of the court:

[1] C. A. D. 600.

1

This is an appeal from the judgment of the United States Customs Court, Second Division, overruling the claims of appellants and affirming the action of the collector in classifying the nylon monofilament fishing line under paragraph 1211 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, by similitude to manufactures of silk at 35% ad valorem. It is appellants' contention that the merchandise should have been held dutiable under paragraph 1558 of the Tariff Act of 1930 as articles manufactured in whole or in part, not specially provided for, at 20% ad valorem.

The classification by similitude was based on paragraph 1559 of the Tariff Act of 1930 which provides:

Par. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned * * * .

The Customs Court in its decision quoted our holding in *Corporacion Argentina* v. *United States*, 29 C. C. P. A. (Customs) 288, C. A. D. 204, to the effect that the similitude clause above quoted does not require that the resemblance should be in all four of the particulars mentioned—material, quality, texture, and use—but that a substantial similarity in any one of those particulars is sufficient. The court then found that appellants' merchandise is similar in use to silk fishing lines, and it is that holding which is brought into question as the issue of this appeal.

In passing upon the question of similitude of use it is unnecessary to consider the contentions of appellants that there are many physical and chemical differences between silk and nylon, and that silk fishing lines are braided whereas a monofilament nylon line, as its name implies, consists of a single strand, since those contentions relate to the material, quality or texture of the article under consideration, rather than to its use.

Appellants do not deny that their product and silk fishing lines are both used for fishing but they contend that their line is used "primarily and almost exclusively in a method of fishing known as spinning" in which the spool does not revolve, and the line falls off the end of it, whereas silk line is commonly used with a revolving spool or reel. Assuming, without so deciding, that two lines may be used in fishing in such dissimilar manners as to avoid the similitude of use provision of paragraph 1559, it remains to be considered whether such a divergence of use has been shown in the present case between silk and monofilament nylon.

The principal testimony as to the use of fishing lines was given by appellants' witness Miller and appellee's witness Bell. Miller's

testimony was generally to the effect that the properties of a monofilament nylon line are such as to adapt it primarily for spinning and that its principal use is in that method of fishing. It is clear, however, from the following portions of his testimony that such use is by no means exclusive:

Q. Have you ever attempted to use braided silk line with a spinning reel and spinning rod? A. Yes.

Q. And you testified that you had used the monofilament nylon line? A. Yes.

Q. How do the results compare between the two? A. I found that monofilament is much more practical. It's easier to use. We are looking for casting. greater distances and you can with monofilament rather than a braided line, especially a braided silk line, which is very soft.

      *        *        *        *        *        *        *

XQ. Now isn't it a matter of opinion or preference as to which line is to be used, whether it's for spinning, trolling—A. Yes.

XQ. It's a matter of preference within the persons themselves? A. Yes.

      *        *        *        *        *        *        *

XQ. Is there any reason why silk lines of those weights as compared with nylon lines of that weight couldn't be used for spinning? A. They can be used.

XQ. Both can be used? A. They can be used, yes.

The following testimony of the witness Bell is pertinent:

Q. Have you ever used silk fishing line yourself, personally? A. Yes, sir.

Q. Have you ever used monofilament fishing line, personally? A. Yes, sir.

Q. Of the 2, 4, and 6-pound test? A. Yes, sir.

Q. What have you used the silk fishing line of those tests for, what type of fishing? A. Spinning, plug casting, and trolling.

Q. What type of fishing have you used nylon monofilament line of 2, 4, and 6-pound test strength for? A. The same types.

Q. For all practical purposes are the nylon monofilament lines of the type involved herein used for the same purpose as the type of fishing line composed of silk of the same strength test? * * * A. Yes.

Q. Is there any difference in the use, in your opinion, between the nylon monofilament fishing line of a 2, 4, or 6-pound test strength and that of silk-fishing line of the same strength? A. Well, for all practical purposes it's a matter of personal preference, and there are no major differences.

The record of this case as a whole leads to the conclusion that silk and monofilament nylon lines may both be used for each of the common types of fishing, and that both are so used to some extent at least. It further appears that the selection as between these two is dictated by personal preference and it may well be that monofilament nylon is more generally preferred for spinning and silk or braided nylon for fishing in which a revolving reel is used. In our opinion, however, such preference does not constitute a dissimilarity in use, and we consider the lower court's holding that monofilament nylon fishing line is dutiable under paragraph 1211 by similitude to silk fishing line to be amply supported by the record.

Appellants properly point out that the lower court's statements to the effect that the record shows that monofilament nylon fishing lines

have practically supplanted silk, are incorrect. Such statements were apparently based on a misinterpretation of Miller's testimony as to the use of braided nylon lines in place of silk. However, we do not consider the statements in question to be essential to the conclusion reached by the lower court, and the fact that they are erroneous, therefore, does not justify a reversal of the decision appealed from.

In view of our conclusion that the merchandise here involved is properly dutiable under paragraph 1211, it is unnecessary to consider appellee's alternative suggestion that it should be dutiable under paragraph 1312, either directly or by similitude, as a synthetic textile.

The judgment of the United States Customs Court is *affirmed*.